IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02165-MSK-MEH

ANDREW GORDON GODFREY,
SUSAN DIANE GODFREY,
EVAN DAVID GODFREY,
MATTHEW RYAN GODFREY,
HILLSIDE CHURCH INTERNATIONAL, a Colorado non-profit organization, and
RIVER CHURCH INTERNATIONAL, a California non-profit organization,

    Plaintiff,
v.

UNITED STATES OF AMERICA,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and
GREGORY W. CHRISTIAN, in his official capacity as Acting Director of Nebraska Service Center,

    Defendant.
_____

**ORDER ON PLAINTIFFS' MOTION TO AMEND COMPLAINT**
_____

Before the Court is Plaintiffs' Motion to for Leave to File First Amended Complaint [Docket #23]. The matter is briefed and has been referred to this Court for resolution [Docket #24]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Amend.

**I.    Background**

Plaintiffs filed their original Complaint for declaratory and injunctive relief to obtain an adjustment of immigration status for the Godfrey family on October 12, 2007. Plaintiffs now wish to amend their Complaint to challenge two actions by Defendants: "(1) the CIS decision refusing to accept the I-485 applications and I-765 applications filed by the Godfrey family members; and (2) the CIS decision denying the I-360 petition filed by Hillcrest Church International." Motion at 2.

Defendants object to the timing of Plaintiffs' motion because Plaintiffs have not recently learned of the facts supporting the additional claims. Defendants, therefore, contend that Plaintiffs unduly delayed in seeking this amendment. Defendants further argue that this amendment would be futile because Plaintiffs did not first exhaust their administrative remedies as to these two claims.

## II. Discussion

### A. Legal Standard for Motion to Amend Complaint

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). In addition, amendment may be denied if such an amendment would be futile.

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) ("[A] plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not

2

prejudice the other party in maintaining his defense upon the merits.") (citation omitted). Prejudice is most likely to be found "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. Amendment is futile only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).

**B.     Plaintiffs' Motion**

In this case, none of these factors support denial of Plaintiffs' Motion. First, a Scheduling Conference has not yet been held in this case to set a deadline for joinder of parties and amendment of pleadings. The Court cannot say that Plaintiffs have delayed at all in seeking this amendment, simply because the facts may have been available to them three months ago when the original Complaint was filed. Moreover, some of the facts and claims were not ripe until after the Complaint was filed. At this early state of litigation, the Court believes that it would constitute an abuse of discretion to find an amendment untimely. Second, a trial date is not set in this case. Thus, Defendants cannot argue that any defense of this case is prejudiced by an amendment too close to trial. Finally, the Court believes that Defendants futility arguments are better addressed in a Motion to Dismiss, and thus, that the amendment is sufficient under the liberal standards of Rule 15(a) to allow for this amendment.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint [Filed December 10, 2007; Docket #23] is **granted**. The Clerk of the Court is directed to file Plaintiffs' First Amended Complaint, tendered as docket #23-2, on this date. Defendants response is to be filed in accordance with time frame set forth in Rule 15.

Dated at Denver, Colorado, this 7th day of January, 2008.

                                          BY THE COURT:

                                          s/ Michael E. Hegarty
                                          Michael E. Hegarty
                                          United States Magistrate Judge